IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William E. Cargile,                :

        Plaintiff,         : Case No. 2:11-cv-1150

   v.                            :
                                   JUDGE MICHAEL H. WATSON
Ohio Adult Parole Authority,       : Magistrate Judge Kemp
et al.,
        Defendants.        :

### REPORT AND RECOMMENDATION

Plaintiff William E. Cargile sent a complaint to this Court without paying a filing fee or moving for leave to proceed in forma pauperis. In response to this Court's order that he do one or the other, he has now submitted an account statement from his institution and asked for leave to proceed without paying the filing fee. His statement shows that he cannot afford either the $5.00 fee required to file an action in habeas corpus or the $350.00 filing fee required for a regular civil action, such as a complaint seeking relief under 42 U.S.C. §1983. It makes a difference which type of case this is, however, because if it is a habeas corpus action, the filing fee can be waived; if it is a regular civil case, the Court must assess the full filing fee and require that it be paid in installments. See 28 U.S.C. §1915(b); see also Jones v. Robinson, 2011 WL 6963097, *1 (S.D. Ohio Dec. 12, 2011), adopted and affirmed 2012 WL 37503 (S.D.Ohio Jan 09, 2012)("In order to properly consider plaintiff's application to proceed in forma pauperis, the Court must first determine the nature of plaintiff's claim"). Also, although the Court must screen either type of action, the screening provisions are different; habeas corpus actions are reviewed initially under Rule 4 of the Rules Governing Section 2254 Proceedings in the

District Courts, whereas prisoner civil rights actions are screened under 28 U.S.C. §§1915 and 1915A to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a government official who is immune from suit.  Thus, before proceeding further, the Court is required to decide what type of action Mr. Cargile is attempting to bring.

In his complaint, Mr. Cargile alleges that he is being held in state custody improperly because, although his parole supervision expired, he has been treated as a parole violator. According to Mr. Cargile, he was arrested and charged with a different crime after his supervision expired, but after he served the sentence for that crime, the defendants, members of the Ohio Adult Parole Authority, held a parole a revocation hearing and ordered him to serve an additional 38 months in prison.  As relief, he has asked for both money damages for the time he has spent in prison and for an order directing that he be released immediately and without further parole supervision.

The complaint clearly requests two different kinds of relief – both a money judgment and an order that, if issued, would cause Mr. Cargile to be released from both prison and from any further state supervision.  If he were asking only for damages, this would clearly be a civil action, and the full filing fee would have to be assessed. See, e.g., Reed v. Mascio, 2009 WL 88614 (S.D. Ohio Jan. 12, 2009), adopted and affirmed 2009 WL 290409 (S.D. Ohio Feb. 5, 2009).  On the other hand, his request to be released from prison or parole cannot be heard in a civil action filed under §1983, but only in an action brought seeking a writ of habeas corpus under 28 U.S.C. §2254.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  Thus, this appears to be what has been termed a "hybrid" action where both types of relief are sought.

In Phillips v. Sundquist, 107 F.3d 12 (6th Cir. February 4, 1997)(unpublished), the Court of Appeals confronted a similar situation where a "hybrid" complaint was filed, raising both an issue about the legality of the prisoner's imprisonment and a claim for damages for wrongful imprisonment. The district court had dismissed the former claim for failure to exhaust state remedies, and the latter claim on the merits. The Court of Appeals affirmed the dismissal of the case, but held that the §1983 claim should have been dismissed on grounds that it had been prematurely filed, and without prejudice to its renewal if the prisoner were ever to obtain a court ruling that he was, indeed, imprisoned unlawfully. That result is compelled by Heck v. Humphrey, 512 U.S. 477 (1994), where the Supreme Court held that any claim for damages for wrongful imprisonment cannot be maintained unless and until either a state court, or a federal court, by way of a writ of habeas corpus, has determined that the imprisonment is, in fact, unlawful. See also Bohannon v. Martin, 2007 WL 2891426, *2 (S.D. Ohio Sept. 28, 2007)("When a prisoner's civil rights claim is barred by the Heck v. Humphrey doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated"). Here, to the extent that Mr. Cargile asserts a claim for habeas corpus relief, it is clear that any such claim cannot be resolved by the Court because Mr. Cargile has not yet exhausted his state court remedies attacking his continued confinement (or, at least, he has not pleaded that he has). Such exhaustion is required by the federal habeas corpus statute, 28 U.S.C. 2254(b), (c). If the only question in this were the

availability of habeas corpus relief, the Court would waive the $5.00 filing fee and dismiss the case for lack of exhaustion. But that does not answer the question of whether the larger, non-waivable filing fee must be assessed because the complaint also seeks relief under §1983.

Other courts have assessed the full filing fee for a hybrid action like this one. See, e.g.,Defoe v. Lindell, 2007 WL 1827237 (D. Minn. June 22, 2007). That does not appear to be the uniform rule. Some courts allow the prisoner to specify, after being alerted to the consequences both in terms of the filing fee and the potential future effects of having the case dismissed, which type of action was intended. See, e.g, Kane v. Winn, 319 F.Supp. 2d 162 (D. Mass. 2004). It is not clear that the fairness concerns expressed in that case are really implicated here, however, because the dismissal of the habeas portion of the case for failure to exhaust, and dismissal of the civil rights portion of the case under Heck, are both without prejudice, so that a second habeas petition would not be deemed successive, and the dismissal of the civil rights action for lack of jurisdiction might not be a "strike" under the Prison Litigation Reform Act.

The most appropriate remedy, if the two cases really could proceed separately, would seem to be to sever the claims from each other and have the Clerk assign a new case number to one portion of the case. Were the Court to do that, the full filing fee would have to be assessed for the civil rights action, so there is no prejudice to Mr. Cargile if the Court assesses the same fee for the hybrid action. That is what is recommended.

It is therefore recommended that this case be deemed a "hybrid action" where both habeas corpus relief and money damages are sought; that the habeas portion of the case be dismissed for failure to exhaust state court remedies; that the civil rights portion be dismissed for lack of jurisdiction; and that the full

filing fee be assessed in accordance with the PLRA.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge