IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William E. Cargile,

    Plaintiff,

  v.                                        Case No. 2:11-cv-1150

Ohio Adult Parole Authority,           Judge Michael H. Watson
et al.,                                     Magistrate Judge Kemp
    Defendants.

## ORDER

      On February 2, 2012, the Magistrate Judge filed a Report and Recommendation noting Plaintiff, William E. Cargile, had submitted a complaint without paying a filing fee, and further noting that the complaint asked both for monetary damages and for Mr. Cargile's release from custody, making this a "hybrid" action in which a claim for habeas corpus relief had been combined with a civil action brought under 42 U.S.C. §1983. That makes a difference in the filing fee, because the filing fee for a habeas corpus action is $5.00, and for a regular civil case it is $350.00.  Further, under the Prison Litigation Reform Act, if this is a regular civil action, the Court is required to assess the full filing fee and order that it be paid in installments, while such requirements do not apply to habeas corpus cases.

      The Report and Recommendation pointed out that in *Phillips v. Sundquist*, 107 F.3d 12 (Table), 1997 WL 49064 (6th Cir. February 4, 1997) (unpublished), the Court of Appeals confronted a similar situation and held that the §1983 claim should dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), a case in which the Supreme Court

held that any claim for damages for wrongful imprisonment cannot be maintained unless and until either a state court, or a federal court, by way of a writ of habeas corpus, has determined that the imprisonment is, in fact, unlawful. The Report and Recommendation further noted that to the extent that Mr. Cargile was advancing a claim for habeas corpus relief, because Mr. Cargile did not allege that he exhausted his state court remedies as required by the federal habeas corpus statute, 28 U.S.C. §2254(b), (c), he also could not obtain habeas corpus relief. While these conclusions seem to require the dismissal of this case in its entirety, they do not address the question of how to handle the filing fee issue.

As the Report and Recommendation observed, one way to address the issue would be to sever the claims from each other and have the Clerk assign a new case number to one portion of the case. Were the Court to do that, the full filing fee would have to be assessed for the civil rights action. However, because dismissal is mandatory, severance would appear to be an unnecessary step. Instead the Report and Recommendation recommended the dismissal of both aspects of the case without prejudice (the habeas corpus action for failure to exhaust state remedies, and the §1983 case as being filed prematurely under *Heck*) and the assessment of the full filing fee.

A copy of the Report and Recommendation was sent to Mr. Cargile by regular and by certified mail. The certified mailing has been returned to the Court as "refused - return to sender," but the regular mailing has not been returned. The time for filing objections to the Report and Recommendation has now elapsed, and no objection has been filed.

The Court agrees that the disposition of this case recommended by the Magistrate Judge is appropriate. Consequently, in accordance with 28 U.S.C. §1915(b)(1), which requires the Court to assess an initial partial filing fee of 20 percent of the greater of the prisoner's average monthly deposits or average monthly balance in the prisoner's account over a six-month period, the Court **ASSESSES** Mr. Cargile an initial partial filing fee of $3.60 (representing 20% of his average monthly deposits of $18.00). That sum should be deducted from his prisoner account, when funds are available, until the initial partial filing fee is paid. Once the initial partial filing fee is paid, the prison cashier's office shall deduct and forward to the Court 20% of the preceding month's income credited to Mr. Cargile's account if, during that month, the balance of that account exceeded $10.00, until the full fee has been paid. 28 U.S.C. §1915(b)(2). If Mr. Cargile is transferred to another prison, the cashier should forward this Order to that institution's cashier so that the cashier can collect and remit the monthly partial payment.

Checks are to be made payable to:
Clerk, U.S. District Court

Checks are to be sent to:
Prisoner Accounts Receivable
Joseph P. Kinneary United States Courthouse
Room 121
85 Marconi Blvd.
Columbus, OH 43215

The prisoner's name and case number must be noted on each remittance. If Mr. Cargile does not currently possess the funds to pay the initial filing fee, the amount assessed by this Court will be collected from his prison account when such funds

become available.

It is further **ORDERED** that plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the plaintiff and the prison cashier's office. The Clerk is **FURTHER DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

Further, for the reasons set forth in the Report and Recommendation, this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall mail a courtesy copy of the complaint and a copy of this order to the Attorney General of the State of Ohio, Criminal Justice Section, 30 East Broad Street, 17th Floor, Columbus, Ohio, 43215, and to each named defendant.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

## INSTRUCTIONS FOR PAYMENT OF PRISONER FILING FEE AND SUBSEQUENT INSTALLMENT PAYMENTS

The prisoner shown as the plaintiff on the attached order has filed a civil action in forma pauperis in this court and owes the court a filing fee. Pursuant to 28 U.S.C. §1915(b)(1) and (2), the fee is to be paid as follows:

> The initial partial fee listed on the attached order should be deducted by the prison cashier's office from the prisoner's account, when funds are available therein, until the initial partial fee is paid. A check (or checks) in the appropriate amount(s) should be attached to a form like that accompanying these instructions and sent to the address indicated below.

> Following the payment of the initial partial fee and continuing thereafter until the full fee has been paid, monthly payments of 20% of the preceding month's income credited to the prisoner's account should be deducted and forwarded to the court each time the amount in the account exceeds $10.

If the prisoner has filed more than one complaint in this district, (s)he is required to pay a fee in each case. The prison cashier's office shall make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis status and these instructions. **The prisoner's name and case number must be noted on each remittance.**
Checks are to be made payable to:
        **Clerk, U.S. District Court**
Checks are to be sent to:

        **Prisoner Accounts Receivable**
        **Joseph P. Kinneary United States Courthouse**
        **Room 121**
        **85 Marconi Blvd.**
        **Columbus, OH 43215**